IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS - GALVESTON DIVISION

| | | |
|---|---|---|
| DILLON HAMMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-259 |
| | § | |
| THE DOW CHEMICAL COMPANY | § | |
| | § | |
| Defendant. | § | A Jury is Demanded |

## **PLAINTIFF DILLON HAMMOND'S ORIGINAL COMPLAINT**

This is a civil action for damages brought by Plaintiff Dillon Hammond against Defendant The Dow Chemical Company ("Defendant" or "Dow.")

Mr. Hammond brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., to recover unpaid overtime wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### I. Introduction

Dow knew Mr. Hammond had to work over 40 hours a week to implement streamlined standards keep up with the demands of his job duties. Despite knowing that Mr. Hammond was single-handedly performing the work of two technicians and working over 40 hours per week, Dow refused to pay him the overtime he earned.

### II. Parties

1. Plaintiff Dillon Hammond resides in Lake Jackson, Texas, in Brazoria County.

2. Defendant Dow is a foreign, for-profit corporation with its principal office in Michigan. It maintains and operates a facility in Brazoria County, Texas. Dow can be served through its

registered agent for service, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III. Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

### IV. Statement of Facts

5. Dow has employed Plaintiff from October 2011 to the present day.

6. From October 2016 to July 2019, Dow employed Plaintiff in a position called "Health and Safety Technologist," for the Dow facility located in Freeport, Texas. This Dow facility is referred to as "Plant B."

7. In July 2019, Dow promoted Plaintiff to "Senior Health and Safety Technologist."

8. Throughout Dow's employment of Plaintiff, Dow has classified his positions as "non-exempt" for purposes of the FLSA.

9. Plaintiff's duties included a variety of tasks related to employee health and safety (EH&S), including implementing programs and utilizing the EH&S work processes, standards, and procedures, with the goal of eliminating injuries and reducing exposures.

10. Broadly speaking, Plaintiff's duties also included working on his computer, attending meetings, speaking with team members over the phone and a cloud-based instant messaging program, and making field observations. The Plaintiff would communicate with other U.S.-based Dow colleagues based in Georgia, California and Michigan, as well as Dow colleagues in the Netherlands, the United Kingdom, and other international locations.

11. Plaintiff's job duties included, but were not limited to: the implementation of detailed Health and Safety programs; developing EH&S work processes, and training materials; acting as a resource for EH&S information on procedures, guidelines and standards; coaching teams and individuals on EH&S related tasks and activities; conducting and coordinating certain EH&S data collections and then analyzing and reporting the results; and maintaining the QEA (qualitative exposure) database.

12. Plant B was involved in the manufacture of a wide range of petro-chemical products. The area in which the Plaintiff worked focused on the production of polyol and co-polymer polyol, and polyol system blends. The output of the Plant B facility was then distributed and sold all across the world.

13. In working for Dow, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

14. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, transporting materials through commerce, and conducting transactions through commerce.

15. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or as defined by 29 U.S.C. §203(r) and 203(s).

16. Plaintiff was individually engaged in commerce through his use of materials purchased in interstate commerce, and through his use of the instrumentalities of interstate commerce, e.g., telephone, internet and emails as part of his regular and recurring job duties.

17. At all times relevant to this action, Defendant "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

18. At all times relevant to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

19. While employed by Dow, Plaintiff regularly worked over 40 hours per workweek.

20. Dow paid Plaintiff at the rate of $45.69 per hour.

21. Dow did not pay Plaintiff one and one-half times the regular rate of pay for all employment in excess of 40 hours each workweek.

22. At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work. Plaintiff's work benefitted Defendant.

23. At all times relevant to this case, Dow was aware that it was obligated to pay overtime for hours in excess of 40 hours each workweek that employees work off-the-clock, or outside of the employee's regularly scheduled shift.

24. Dow's failure to pay Plaintiff the federally mandated overtime pay was a willful violation of the FLSA.

## V.   Cause of Action
## Fair Labor Standards Act

25. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 to 26 above.

26. Dow violated the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff an hourly rate equal to one and one-half times the regular hourly rate at which he was employed for all compensable time in excess of 40 hours in each workweek.

27. As a consequence of Dow's violation of his rights under the FLSA, Plaintiff is entitled to his unpaid wages, plus an additional equal amount in liquidated damages, the expenses and court costs of this action, and reasonable and necessary attorney fees pursuant to 29 U.S.C. § 216(b).

## VI. Jury Demand

28. Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## VII. PRAYER FOR RELIEF

29. Plaintiff respectfully requests that this Court grant him the following relief, under law and equity, as applicable:

    a. Judgment against Defendant for all unpaid overtime wages found to be due and owing;

    b. Judgment against Defendant that its violations of the FLSA were willful;

    c. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime at the proper rate;

    d. Judgment against Defendant for an amount equal to the unpaid overtime compensation as liquidated damages;

    e. If liquidated damages are not awarded, an award of pre-judgment interest;

    f. Post-judgment interest at the applicable rate;

    g. All costs, recoverable expenses and attorney's fees incurred in prosecuting this claim; and,

    h. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

/s/ Mark G. Lazarz
\***Mark G. Lazarz**
Tx. Bar No. 12069100
**Paul R. Harris**
Tx. Bar No. 24059905
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 | f: (713) 621-0993
mlazarz@eeoc.net
pharris@eeoc.net

Attorneys for Plaintiff Dillon Hammond
\*Attorney in Charge